[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12133
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00557-AT-AJB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAMZA BENDELLADJ,
a.k.a. Bx1,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 2, 2017)

Before TJOFLAT, ROSENBAUM and JORDAN, Circuit Judges.

PER CURIAM:

Hamza Bendelladj appeals his 180-month total sentence for 1 count of conspiracy to commit wire and bank fraud, 10 counts of wire fraud, 1 count of conspiracy to commit computer fraud and abuse, and 11 counts of computer fraud and abuse.  On appeal, he first argues that the District Court plainly erred when it applied a two-level "fence" enhancement under U.S.S.G. § 2B1.1(b)(4) because he merely sold data that he had stolen himself.  Second, he argues that the District Court clearly erred by considering his data breach of 123refills.net ("123Refills") as relevant conduct because it was not sufficiently related to his use of the SpyEye malware software, which was the basis of the charges in the indictment.  Finally, he argues that the District Court clearly erred when it calculated the loss amount because it included incomplete and expired credit card records in the calculations.

I.

In determining the procedural reasonableness of a sentence, we review a district court's application of the Guidelines *de novo* and its factual findings for clear error.  *United States v. Arguedas*, 86 F.3d 1054, 1059 (11th Cir. 1996).  But when the defendant does not preserve an argument for appeal, we review for plain error.  *United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007).

A two-level enhancement applies if the offense involved receiving stolen property and the defendant was a person in the business of receiving and selling

2

stolen property.  U.S.S.G. § 2B1.1(b)(4).  Here, however, the invited-error doctrine precludes review of whether § 2B1.1(b)(4) applies to Bendelladj's conduct.

The doctrine of invited error is implicated when a party induces or invites the district court into making the error.  *United States v. Cobb*, 842 F.3d 1213, 1222 (11th Cir. 2016).  Where invited error exists, it precludes a court from invoking the plain-error rule and reversing.  *Id.*  By explicitly telling the District Court that the only Guidelines issue that needed to be resolved was the loss amount, Bendelladj invited any error the District Court made in applying the enhancement.  Accordingly, rather than review for plain error, we do not address the applicability of the enhancement on appeal.

## II.

We review whether a district court properly included relevant conduct for clear error.  *United States v. Siegelman*, 786 F.3d 1322, 1332 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 798 (2016).

The limits of sentencing accountability are not coextensive with the scope of criminal liability.  *Id.*  Relevant conduct is broadly defined to include both uncharged and acquitted conduct that is proven at sentencing by a preponderance of the evidence.  *Id.*  When considering relevant conduct, the district court must consider all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant.  U.S.S.G.

3

§ 1B1.3(a)(1)(A).  Defendants are responsible for all acts and omissions that are part of the "same course of conduct or common scheme or plan as the offense of conviction."  *Id.* § 1B1.3(a)(2).  Offenses are part of a common scheme or plan if they are substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi.  *Id.* § 1B1.3, comment. (n.5(B)(i)).  Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses.  *Id.* § 1B1.3, comment. (n.5(B)(ii)).  We consider whether there are distinctive similarities between the offense of conviction and the remote conduct that signal that they are part of a single course of conduct rather than isolated, unrelated events that happen only to be similar in kind.  *Siegelman*, 786 F.3d at 1333.

Here, the District Court did not clearly err by considering Bendelladj's breach of 123Refills as relevant conduct because there was evidence that he used SpyEye to gain access to 123Refills's records.  And, regardless, the breach of 123Refills was part of a common scheme or plan and the same course of conduct.  The breach occurred during the time in which Bendelladj was, in one form or another, hacking computers to steal financial data; it followed his general modus

4

operandi of obtaining unauthorized access to computers and stealing financial data; and it involved similar victims—individuals with accounts at major financial institutions.

## III.

We review the determination of the amount of loss involved in the offense for clear error. *United States v. Maxwell*, 579 F.3d 1282, 1305 (11th Cir. 2009). We will only find clear error if we are left with a definite and firm conviction that a mistake has been made. *Id.*

A 24-level enhancement applies if an offense involves a loss of between $65,000,000 and $150,000,000. U.S.S.G. § 2B1.1(b)(1)(M). In a case involving unauthorized access devices, the loss includes any unauthorized charges and shall not be less than $500 per access device. *Id.* § 2B1.1, comment. (n.3(F)(i)). An "unauthorized access device" is "any access device that is lost, stolen, *expired*, revoked, canceled, or obtained with intent to defraud." 18 U.S.C. § 1029(e)(3) (emphasis added).[1]

The appropriate method for estimating loss in any given case is highly fact-dependent, and district judges are entitled to considerable leeway in choosing how to go about that task. *United States v. Campbell*, 765 F.3d 1291, 1301 (11th Cir.

---

[1] In defining "unauthorized access device," U.S.S.G. § 2B1.1 Application Note 3(F)(i) adopts the definition set forth in U.S.S.G. § 2B1.1 Application Note 10(A), which in turn adopts the definition in 18 U.S.C. § 1029(e)(3). *See* U.S.S.G. § 2B1.1, comment. (n.3(F)(i)); *id.* § 2B1.1, comment. (n.10(A)).

2014).  The district court must make a reasonable estimate of the loss.  *Id.*  The government must prove the facts underlying a proposed sentence by a preponderance of the evidence.  *Id.* at 1304.  Although a district court must not speculate concerning the existence of a fact that would permit a more severe sentence under the Guidelines, a reasonable estimate of the intended loss will be upheld on appeal.  *United States v. Grant*, 431 F.3d 760, 762 (11th Cir. 2005).

Here, the District Court did not clearly err by including incomplete and expired accounts in the total amount of access devices for the loss calculation because the relevant statutory definition includes expired access devices and there was evidence presented that expired credit card records could still be used.  The District Court, moreover, took the possibility of defects into account when calculating the number of credit card records underlying the loss determination and decreased the amount as a result.

AFFIRMED.

6